932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Marc A. SIMPKINS-BEY, Petitioner-Appellant,
v.
Randy HENDERSON and Duane L. Woodard, Attorney General,
Respondents-Appellees.
 No. 90-1378.
 United States Court of Appeals, Tenth Circuit.
 May 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Marc A. Simpkins-Bey appeals the denial of a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. His contentions are based upon the denial by the Colorado Court of Appeals of his motion to file a response brief in excess of twenty pages. He claims this denial deprived him of due process, equal protection of law, and "full and proper access to the courts." The district court found that the petition failed to raise issues cognizable in federal habeas corpus. We agree and affirm.
 
 
 3
 Petitioner maintains that the state court's page limitation required that he use his entire opening brief "to set forth the factual basis of his contentions"; therefore, he had to use his reply brief to state his legal arguments. Petitioner filed an original reply brief of fifty-four pages, but the brief was ordered stricken and petitioner was directed to re-file in not more than twenty pages. Petitioner filed motions to exceed the twenty pages allowed, but after those motions were denied, he filed a brief of thirty-six pages. Again, that brief was stricken with an order directing petitioner to re-file in not more than twenty pages or submit the case without a reply brief.
 
 
 4
 Petitioner did not re-file, but, instead, filed a petition for writ of mandamus in the Colorado Supreme Court to compel the Court of Appeals to accept his thirty-six page brief. Petitioner alleges the writ was denied "without opinion."
 
 
 5
 Reduced to its pure form, petitioner's argument is that due process entitles him to file a brief of whatever length he believes is necessary to argue his case. He cites no authority so holding, and we know of none. In the absence of a showing that the refusal of his thirty-six page brief had an actual effect upon the outcome of his appeal, we can find no reason to conclude petitioner's federally protected rights were violated. Cf. Campbell v. Kincheloe, 829 F.2d 1453, 1467 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988).
 
 
 6
 Page limitations are common in both state and appellate courts, and they require litigants to structure their briefs to a conforming length. Petitioner well knew of the state page limitations, but because of his tactical judgment, he decided to expend the entire allowance of his opening brief on a statement of facts. He made this choice even after the state court allowed him to expand his opening brief by 33%.[1] Rather than tailoring his statement of facts to fit within the strictures imposed by the court, petitioner forged ahead and filed a brief that contained no legal argument. That was his choice, and the exercise of that choice does not result in a denial of due process. Finally, he failed to take advantage of the right to file a twenty page reply brief in which he would have had an opportunity to at least cite legal authority in support of his position. These circumstances render petitioner's contentions fanciful.
 
 
 7
 Nonetheless, the Colorado Court of Appeals' striking of his thirty-six page brief is collateral to, and in no way affects, the criminal judgment providing the basis of his current custody. Because federal habeas corpus grants relief only to those held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. Sec. 2254(a), petitioner's attack on a matter collateral to his conviction fails to state a claim for relief. Hopkinson v. Shillinger, 866 F.2d 1185, 1218-20 (10th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The state rule permits opening briefs of not more than thirty pages, but, upon his motion, petitioner was given an additional ten pages